# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TODD C. NISSEN,<br><br>      Plaintiiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>      Defendant. | No. C07-4056-MWB<br><br>**ORDER REGARDING<br>MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION** |

_____

## *I. INTRODUCTION*

Plaintiff Todd Nissen filed an application for Title II disability insurance (DI) benefits and Title XVI supplemental security income (SSI) benefits on August 20, 2004. The Commissioner ultimately denied his applications. Nissen appealed the Commissioner's decision to this court, Dkt. # 4, and the undersigned referred the matter to Chief Magistrate Judge Paul A. Zoss for a report and recommendation. Judge Zoss respectfully recommended the Commissioner's decision be affirmed. Dkt. # 15. Neither party filed objections to Judge Zoss's report and recommendation.

## *II. ANALYSIS*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

> court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court reviews the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge]

would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The court agrees with Judge Zoss that the ALJ did not err in the weight he gave the medical opinions in this case. Dr. Giordano's opinions were inconsistent with the other medical evidence in the record, and the credibility of Nissen's subjective complaints is undermined by his several failures to follow through with his treating physician's treatment recommendations. Because one of the positions that can be drawn from the inconsistent evidence in this case supports the Commissioner's decision, such decision must be affirmed. *Vandenboom v. Barnhart*, 421 F.3d 745, 749 (8th Cir. 2005) ("'If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits.'" (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 589 (8th Cir. 2004))). Therefore, the court accepts Judge Zoss's report and recommendation, and affirms the Commissioner's decision that Nissen is not disabled.

**IT IS SO ORDERED.**

**DATED** this 9th day of June, 2008.

                                                                   MARK W. BENNETT
                                                                   U. S. DISTRICT COURT JUDGE
                                                                   NORTHERN DISTRICT OF IOWA